By the Court.—Monell, J.
I think the notice given by the defendant to the plaintiff’s assignors, to the effect, that if the manufactured articles were not delivered within two days thereafter, he would make a contract with other parties, operated, after the expiration of the limited time, as a rescission by the defendant of the contract; and thereafter, the only remedy upon it, was an action for damages for the breach The delivering by Hamilton to the defendant, was not intended to be, nor was it, a delivering by the plaintiff’s assignors. It was made under a new contract, between Hamilton and the defendant, after the defendant had *493 rescinded the previous contract. Hamilton’s relation to the plaintiff’s assignors, was, in the first instance, that of an employee to do the work. He was not bound to deliver without payment, and he accordingly refused to deliver. Thereupon he made a new contract with the defendant, and the only delivery was under that contract.
Whether Hamilton rendered himself liable to the plaintiff’s assignors for any supposed breach of his duty towards Ms employers, it is not necessary to inquire. He saw fit to make a new contract with one of the original contracting parties, and to fulfill that contract; and, it seems to me, the plaintiff’s assignors cannot claim that such fulfillment enured to their benefit, and gave them a right of action for the price of the articles.
Whether the defendant could wholly rescind the first contract, is not material. They did so far rescind, as to amount to a réfusal to accept any delivery under it; and the acceptance afterwards, under the new contract, was not an acceptance from the plaintiff’s assignors.
I am of the opinion, therefore, that the action for the price of the goods failed, and that the motion to dismiss the complaint on the ground that no delivery under the contract had been proved, should have been granted.
The exceptions should be sustained, the verdict 'Set aside, and a new trial ordered, with costs to the defendant to abide the event.